

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 15, 1939

Mr. Bert Ford
Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. 0-824
Re: What effect, if any, is to be
given Sec. 62 of the Charter of
the city of Galveston, in the
determination of whether or not
certain locations within the
corporate limits of said city are
"wet" or "dry" under the terms
of the Texas Liquor Control Act?

Your request for an opinion on the above stated
question has been received by this office.

The amendment to the Charter of the city of
Galveston, known as Section 62a, b and c, was enacted
by the Legislature of the state of Texas, at the Regular
Session of the 31st Legislature, being House Bill No. 368,
Chapter 88, of the Local and Special Laws of that session.

Section 62a, 62b and 62c of the Charter of the
city of Galveston reads as follows:

"62a. That hereafter any and every place
within the corporate limits of the city of
Galveston where spirituous, vinous or malt
liquors, or medicated bitters capable of pro-
ducing intoxication, are sold or kept for sale,
shall be located within the following described
territory in said city, or upon the following
lots or blocks in said city, to-wit: (here fol-
low metes and bounds delineating lines and area
shown by the red line on the map attached to

this letter.)

"62b. That at no other place or places within the corporate limits of said city of Galveston, except as named in the foregoing section, shall spirituous, vinous and malt liquors or medicated bitters capable of producing intoxication, be sold or kept for sale. Provided, however, that this act shall not be so construed as to prohibit drug stores from selling or keeping for sale spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, for medicinal purposes upon the written prescription of a regularly licensed and practicing physician.

"62c. That any violation of the provisions of this act shall be punished by a fine of not less than fifty nor more than one hundred dollars, and each sale of such liquors or bitters, and each day that such liquors or bitters are kept for sale, in violation of the provisions of this act shall constitute a separate offense."

We are informed by the Liquor Control Board that this act was approved and became effective March 22, 1909, and that there has never been a vote of the people of the city of Galveston on Section 62 of its charter.

On May 24, 1919, Section 20 of Article 16 of the state Constitution was amended to read as follows:

"Section 20(a) The manufacture, sale, barter and exchange in the state of Texas, of spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, or any other intoxicants whatever except for medicinal, mechanical, scientific or sacramental purposes, are each and all hereby prohibited.

"The Legislature shall enact laws to enforce this section.

"(b) Until the Legislature shall prescribe other or different regulations on the subject, the sale of spirituous, vinous or malt liquors, or medicated bitters, capable of producing intoxication, or any other intoxicant whatever, for

for medicinal purposes shall be made only
in cases of actual sickness and then only
upoñ the prescription of a regular practis-
ing physician, subject to the regulations
applicable to sales under prescriptions in
prohibited territory by virtue of Article
598, Chapter 7, Title 11 of the Penal Code
of the State of Texas.

"(c)  This amendment is self-operative
and until the Legislature shall prescribe
other or different penalties, any person
acting for himsålf or in behalf of another,
or in behalf of any partnership, corporation
or association of persons, who shall, after
the adoption of this amendment violate any
part of this constitutional provision, shall
be deemed guilty of a felony, and shall, upon
conviction in a prosecution commenced, car-
ried on and concluded in the manner prescribed
by law in cases of felonies, be punished by
confinement in the penitentiary for a period
of time not less than one year nor more than
five years without the benefit of any law
providing for suspended sentence.  And the
district courts and the judges thereof, under
their equity powers, shall haÿe the authority
to issue, upon suit of the Attorney General,
injunctions against infractions er threaten-
ed infractions of any part of this constitu-
tional provision.

"(d)  Without affecting the provisions
herein, intoxicating liquors are declared to
be subject to the general police power of the
state; and the Legislature shall have the
power to pass any additional prohibitory
laws, or laws in said thereof, which it may
deem advisable.

"(e)  Liability for violating any liquor
laws in force at the time of the adoption of

this amendment shall not be affected by
this amendment, and all remedies, civil
and criminal, for such violations shall
be preserved."

No local option election has ever been held
in the city of Galveston under the provisions of Sec-
tion 20, Article 16 of the state Constitution as it
existed prior to May 24, 1919, or as has existed subse-
quent to August 24, 1935, or under any acts of the Legis-
lature passed pursuanct to said Section 20, Article 16
of the Constitution.

Prior to May 24, 1919, Section 20 of Article
16 of the Constitution of Texas, provided for the deter-
mination by local option, by vote of the people in coun-
ties, justice's precincts or incorporated towns or cities
within the state, as to whether or not liquor could be
sold therein, and pursuant to such article as it then
existed, a number of local option statutes had been pass-
ed by the Legislature from time to time, and numerous
counties, Justice's precincts, cities and towns in the
state had voted themselves "dry" pursuant to such sta-
tutes and such amendment.

On August 24, 1935, Section 20 of Article 16 of
the state Constitution was further amended to read as
follows:

"(a)  The open saloon shall be and is
hereby prohibited.  The Legislature shall
have the power, and it shall be its duty to
define the term 'open saloon' and enact laws
against such.

"Subject to the foregoing, the Legisla-
ture shall have the power to regulate the
manufacture, sale, possession and transporta-
tion of intoxicating liquors, including the
power to establish a state monopoly on the
sale of distilled liquors.

"(b)  The legislature shall enact a law
or laws whereby the qualified voters of any
county, justice's precinct or incorporated

town or city, may, by a majority vote of those voting, determine from time to time whether the sale of intoxicating liquors for beverage purposes shall be prohibited or legalized within the prescribed limits; and such laws shall contain provisions for voting on the sale of intoxicating liquors of various types and various alcoholic content.

"(c)  In all counties, justice's precincts or incorporated towns or cities wherein the sale of intoxicating liquors had been prohibited by local option elections held under the laws of the state of Texas and in force at the time of the taking effect of Section 20, Article 16 of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange in any such county, justice's precinct or incorporated town or city, any spirituous, vinous or malt liquors or medicated bitter capable of producing intoxication or any other intoxicants whatsoever, for beverage purposes, unless and until a majority of the qualified voters in such county or political subdivision thereof voting in an election held for such purpose shall determine such to be lawful; provided that this subsection shall not prohibit the sale of alcoholic beverages containing not more than 3.2 per cent alcohol by weight in cities, counties or political subdivisions thereof in which the qualified voters have voted to legalize such sale under the provisions of Chapter 116, Acts of the Regular Session of the 43rd Legislature."

It must be noted that such constitutional amendment specifically provides that the sale of intoxicating liquors shall continue to be unlawful in certain areas in the state, defined and described as being all counties,

justice's precincts or incorporated towns or cités wherein the sale of intoxicating liquors has been prohibited by local option election held under the laws of the state of Texas and in force at the time of the taking effect of Section 20 of Article 16 of the Constitution until a majority of the qualified voters of such political subdivision should vote otherwise.

The same provision was carried into the Texas liquor Control Act which became effective September 1, 1937. See Section 23 of Article 666, Revised Civil Statutes.

Courts have held that this language only defines and identifies certain "dry" areas in the state and does not re-enact or revive in any manner the local option laws existing prior to the prohibition amendment of 1919, since such pre-existing local option laws could not have been revived by mere reference to their title, but could only have been revived by re-enactment and re-publication of the language.

We quote from the case of Teal vs. State, 90 SW (2nd) 651, as follows:

"The local option laws existing prior to the 1919 amendment were not attempted to be revived by the amendment of section 20, Art. 16, as adopted August 24, 1935. This amendment defined what areas would remain dry and what areas would be wet after the adoption of the 1935 amendment. In adopting this amendment, the people had the right to say what territory would remain dry and what territory would become wet. This they did by paragraph (c) of the amendment of Section 20, Art. 16, adopted August 24, 1935, as follows:

"'(c) In all counties, justice's precincts or incorporated towns or cities wherein the sale of intoxicating liquors had been prohibited by local option elections held under the

laws of the state of Texas and in
force at the time of the taking ef-
fect of section 20, Article XVI of
the Constitution of Texas, it shall
continue to be unlawful to manufac-
ture, sell, barter or exchange in
any such county, justice's precinct
or incorporated town or city, any
spirituous, vinous or malt liquors
or medicated bitters capable of pro-
ducing intoxication or any other in-
toxicants whatsoever, for beverage
purposes, unless and until a majority
of the qualified voters in such county
or political subdivision thereof vot-
ing an election held for such purpose
shall determine such to be lawful.'

"This language defined the dry territory
and merely referred to the law under which it
was made dry territory for the purpose of de-
fining and identifying such territory, Section
23 of Article 1 of House Bill 77, c. 467, Acts
of the 2nd Called Session, 44th legislature,
enacted in aid of the above quoted amendment to
the Constitution, also defines a 'dry area' and
a 'wet area' in the same manner as does the afore-
mentioned constitutional amendment, and said sta-
tute forbids the sale or possession of liquors
in excess of 4 per cent alcohol by weight in
any 'dry area' as that term is defined in the
act."

It will be seen that there has been no re-enactment
of any pre-existing local option laws and likewise there
has been no re-enactment of any pre-existing charter pro-
visions or ordinances prior to 1919.

Areas "dry" by local option election prior to
1919 were again "dry" after the amendment of 1935 because
the people of this state had so voted by definition in
the constitutional amendment of 1935, and not because of
any re-enactment of such laws. Constitutional amendment

of 1935 is entirely silent as to the charter provisions or special acts of the Legislature, such as Section 62 of the Charter of the city of Galveston.

On December 30, 1912, Section 5 of Article 11 of the state Constitution, known as the "Home Rule" amendment, was adopted and thereafter, considerable legislation was enacted by the Legislature from time to time, under authority of such amendment, which legislation is set forth in Chapter 13 of Title 28 of the Revised Civil Statutes. The city of Galveston has never re-enacted or re-adopted its charter as a whole under the "Home Rule" laws, nor has it ever re-adopted or re-enacted Section 62 of its charter thereunder.

Judge Lattimore, in the case of Cone vs. State, 236 SW 486, used the following language:

"On May 24, 1919, by popular vote, Section 20, Article 16, of our State Constitution, was amended, and the proclamation of the Governor putting same into effect was of date July 3, 1919. By the terms of said amendment former section 20 was struck out of the Constitution and repealed. Said section was the one which gave the legislature power to enact laws submitting to the people of a given territory for their determination the question as to the sale vel non of intoxicating liquor within such territory. The repeal of said Section 20 necessarily carried with it the repeal of all laws depending for their validity upon the exercise of the power conferred by said section. When amended section 20 became effective, the former section 20 died, and with it also died its descendants and dependents, except insofar as the saving clause of said amended section 20 kept the provisions of such laws alive for the purpose of prosecuting offenses committed thereunder prior to the adoption of the amendment."

Also the cases of Sparks vs. State, 238 SW 649 and Williams vs. State, 238 SW 648 are to the same effect, holding that wherein conviction for possession of equipment

for the manufacture of intoxicating liquor, unlawful under statutes in existence prior to the adoption of the constitutional amendment in 1919 were reversed by a holding that such statute had been repealed by such amendment.

We do not think that it can be contended that an act of the legislature amending the charter of a municipal corporation has any greater force or dignity or is entitled to any further effectiveness than a general act of the Legislature covering and applying to the entire state. If such act or statute was repealed by the above set forth constitutional amendment of 1919, as is held by the cases above cited, then the former must also fall.

Justice Day of the Supreme Court of the United States, in the case of United States vs. Yuginovich, 41 Sup. Ct. Rep. 551, holding certain provisions of pre-existing liquor laws of the United Stated, repealed by the 18th amendment, and the acts of Congress passed pursuant thereto, says in part as follows:

"It is, of course, settled that repeals by implication are not favored. It is equally well settled that a latter statute repeals former ones when clearly inconsistent with the earlier enactments."

We think that Section 62 of the Charter of the city of Galveston as above quoted is clearly inconsistent and in conflict with the amendments of the Constitution of the state of Texas adopted in 1919.

The framers of the prohibition amendment to the constitution adopted in 1919, evidently realized and believed that such amendment would have the effect of immediately repealing and nullifying pre-existing prohibitory, regulatory and penal laws on the subject of liquor, because they felt it necessary to and did incorporate into such amendment its own penal provisions and as will be seen from the cases before cited, this view of the amendment was also taken by our court of Criminal Appeals, when the matter finally came before them for decision.

After the adoption of the amendment of 1935 and pursuant to the authority contained in Section (b) thereof, the Legislature has re-enacted new local option laws which have been acted upon by various counties, justice's precincts and incorporated towns and cities in the state, but no such action under the authority of said section or any legislation passed thereunder has been taken by the city of Galveston or in Galveston County.

It can be seen that this Section does not authorize the passage of any statute granting to incorporated cities the power to zone themselves for the sale of liquor, but since said section and the laws passed thereunder do not prohibit cities from doing so, cities under the "Home Rule" amendment have the inherent power, in accordance with the regulations laid down in such "Home Rule" law, to so zone themselves, but they only have such power as a result of the "Home Rule" amendment and to be exercised in accordance therewith and this has never been done in the city of Galveston, and is in no sense true of Section 62 of the charter.

In the cases of Pitre vs. Baker, 111 SW (2nd) 360, and Tritico et al vs. Texas Liquor Control Board, recently decided by the Beaumont Court of Civil Appeals on March 16, 1939, an attack was being made upon the charter amendment of the city of Port Arthur adopted November 4, 1936, pursuant to and in full compliance with the "Home Rule" statute of the state of Texas, which said amendment defines certain areas in the city of Port Arthur where intoxicating liquor could and could not be sold in accordance with the state laws upon the general subject of such business.

These cases hold that the power to regulate the sale of intoxicating liquors to the extent that it is lawful under the state laws is inherent in "Home Rule" cities unless denied them by the constitution and general laws of the state, and that such regulation is valid unless in conflict with such general laws of the Constitution, and it having been conceded that such charter amendment in Port Arthur was adopted in compliance with the "Home Rule" law, the only concern of the court was to determine whether or not such power was denied such city by the

present Section 20, Article 16 of the Constitution or the liquor Control Act passed pursuant thereto, and whether such charter amendment was in conflict with the state laws on the subject. Both of these questions were answered in the negative.

You are respectfully advised that it is the opinion of this department that Section 20, Article 16 of the Constitution as amended in 1919 has the effect of repealing all existing legislation whether it be in the form of local option statutes or charter amendment statutes, that upon the adoption of this amendment on May 24, 1919, Section 62 of the city of Galveston became repealed and of no further force or effect.

Trusting that the foregoing answers your inquiry, we remain-

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED:

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS